**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

| | |
|---|---|
| **Janet Clark** ) | |
| 1003 California Avenue, Apt 1 ) | CIVIL DIVISION |
| Pittsburgh, PA 15202 ) | |
| ) | Docket #:  GD – 21-2636 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **COMPLAINT IN CIVIL ACTION** |
| **Aveanna Healthcare** ) | |
| 400 Interstate North Parkway SE ) | **JURY TRIAL DEMANDED** |
| Atlanta, GA 30339 ) | |
| ) | |
| Defendant. ) | |
| ) | Filed on behalf of:  Plaintiff. |
| ) | |
| ) | COUNSEL OF RECORD FOR THIS |
| ) | PARTY: |
| ) | |
| ) | David M. Kobylinski, Esquire |
| ) | Pa. ID No.:  92233 |

Peter T. Kobylinski, Esquire
Pa. ID No.:  309832

PRAETORIAN LAW GROUP, LLC
515 Court Place, Ste 4
Pittsburgh, PA  15219
(412) 281-6600

**Exhibit A**

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

| | |
|---|---|
| **Janet Clark**,  )<br>  )<br>       Plaintiff,   )<br>  )<br>        v.    )<br>  )<br>**Aveanna Healthcare**   )<br>  )<br>       Defendant.   )<br>  ) | CIVIL DIVISION<br><br>Docket #:  GD – 21-2636<br><br><br>**JURY TRIAL DEMANDED** |

## **NOTICE TO DEFEND**

You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO A LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lawyer Referral Service
Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA  15219
(412) 261-5555

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

| | |
|---|---|
| **Janet Clark**, | ) |
| Plaintiff, | ) CIVIL DIVISION |
| | ) Docket #:  GD – 21-2636 |
| v. | ) |
| **Aveanna Healthcare** | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |

## COMPLAINT

AND NOW come plaintiff Janet Clark, through counsel, who aver as follows:

### THE PARTIES

1. Plaintiff Janet Clark is an adult individual and resides at 1003 California Avenue, Apt. 1, Pittsburgh, Pennsylvania 15202. Plaintiff is an African-American.

2. Defendant Aveanna Healthcare is a corporation and conducts its general business operations at 1501 Reedsdale Street, #4002, Pittsburgh, PA 15233.

3. Pursuant to Pa. R.C.P. 1006 & 2179, venue is appropriate in Allegheny County because Defendant conducts business herein on a regular and continuing basis.

### ADMINISTRATIVE PREREQUISITES

4. Plaintiffs timely filed a Complaint with the Equal Employment Opportunity Commission (hereinafter "EEOC"), alleging unlawful discrimination on account of her race. Plaintiff dual filed her Complaint of discrimination with the Pennsylvania Human Relations Commission (hereinafter "PHRC").

5. Plaintiff each received a Right to Sue letter from the U.S. Equal Employment Opportunity Commission and this action was commenced within the 90 day deadline set forth by that letter.

## STATEMENT OF THE FACTS

6. Plaintiff is an African-American woman and was born on July 5, 1955.

7. Plaintiff was 64 years of age at the time she was terminated from her employment with defendant.

8. On or around April 2019, Plaintiff obtained employment with defendant as an administrative assistant.

9. Plaintiff believes and therefore avers that at the time she was hired she was the only African-American at the office she worked at during her employ.

10. Shortly after being hired, the individual that hired Plaintiff either was transferred to another location or left his employment with Defendant.

11. Following this individual's leave, Plaintiff believes and therefore avers that she became the oldest employee at her office.

12. Throughout her employment with Defendant, Plaintiff observed that she was being treated differently based upon her race and age compared to her coworkers.

13. As an administrative assistant, Plaintiff routinely was one of the first individuals to arrive at the office in the morning.

14. As opposed to having to wait outside, Plaintiff requested a key from her employer.

15. Plaintiff was informed that only her Caucasian manager and one other Caucasian staff member were provided with a key to the office. As such, Plaintiff was denied a key to the office.

16. Subsequently, Plaintiff learned that most if not all of her other Caucasian coworkers and employees were provided with a key to the office.

17. Plaintiff believes an therefore avers that she was denied a key as a method to discriminate against her on the basis of her race and/or age.

18. Furthermore as an administrative assistance, Plaintiff was responsible getting the mail for the office and tracking the same.

19. Plaintiff was also denied a key to the mailbox, which required her to have to request the same from her Caucasian manager each day to complete her job.

20. Plaintiff believes and therefore avers that her Caucasian managers did not trust her to have a key to either the office or the mailbox as she was an African-American and not trustworthy to them.

21. Plaintiff further was excluded from office events and lunches.

22. On several occasions, Plaintiff's Caucasian coworkers and managers would go out for lunch together or attend other events outside of work. Plaintiff was routinely not invited to attend this outings.

23. In fact, Defendant even excluded Plaintiff from being in the office photo.

24. Routinely, Plaintiff's Caucasian managers spoke down to her and treated her in a disrespectful manner implying that they believed she was stupid or ignorant.

25. Plaintiff reported these incidents to Defendant and indicated that she believed she was being targeted due to her race.

26. To Plaintiff knowledge, no corrective action was ever taken by Defendant in response to her complaints.

27. Then during the Corona virus work at home orders, Plaintiff's work computer had issues with connecting to the network from her home.

28. Plaintiff contacted her Caucasian supervisor concerning this matter, which was initially ignored.

29. In an effort to correct the problem, Plaintiff contacted the IT department for Defendant and requested assistance.

30. Plaintiff's Caucasian supervisor contacted her and reprimanded her for reaching out to the IT department for help.

31. Upon information and belief, Plaintiff avers that she learned other Caucasian coworkers and employees were have similar problems with the work computers at their homes.

32. As opposed to being reprimanded for requesting help, Plaintiff believes and therefore avers that her Caucasian coworkers and other employees were provided with new work computers.

33. As opposed to being provided with a new computer, Plaintiff was terminated on April 24, 2020.

34. Defendant informed Plaintiff that she was being terminated as she failed follow instructions, such as contacting physicians for unnecessary verification of information and improper use of the fax machine.

35. Plaintiff believes and therefore avers that Defendant terminated her employment to allow Defendant to replace her with a younger individual under the age of 40 and Caucasian.

36. Plaintiff believes and therefor avers that Defendant created a hostile work environment either to harass or embarrass Plaintiff due to her race and/or in an effort to entice her to quit her job.

37. Plaintiff believes and therefor avers that Defendant's explanation for her termination is pretext.

38. Plaintiff believes and therefore avers that Defendant engaged in a concerted effort to discriminate against here and other African-Americans on the basis of race and color.

## INJURIES AND DAMAGES

39. As a direct and proximate result of Defendant's discriminatory practices and termination, Plaintiff suffered from the following injuries and damages:

   a. Plaintiff lost income, employment benefits and financial security;

   b. Plaintiff suffered damage to their reputation;

   c. Plaintiff developed, suffered and continue to suffer from embarrassment, shame and emotional distress;

   d. Plaintiff suffered and continue to suffer from a diminution in enjoyment of her life;

   e. Plaintiff's ability to earn wages have been diminished and continues to be diminished; and

   f. Attorneys' fees and costs.

## COUNT ONE – RACE DISCRIMINATION UNDER TITLE VII

40. The prior paragraphs of this Complaint are incorporated herein by reference.

41. Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.,* as amended by the Civil Rights Act of 1991, ("Title VII"), makes it unlawful to discriminate against any individual in the terms, conditions or privileges of employment on the basis of race and/or color.

42. Defendant, by and through their actions, discriminated against Plaintiff, because of her race (African-American) and color, which such conduct is a violation of Title VII.

43.     The discriminatory conduct was sufficiently severe and pervasive that it altered the conditions of Plaintiff's employment, affected the terms and conditions thereof, in violation of Title VII, and ultimately resulted in a denial of a promotion, lost wages and/or Plaintiff's discharge from her employment. Plaintiff was fully able to perform her assigned tasks, but for the unwarranted racial and adverse employment actions.

44.     Plaintiff suffered intentional discrimination because of her race and/or color.

45.     Based on the foregoing, Defendant has discriminated and retaliated against Plaintiff on the basis of her race and/or color in violation of Title VII.

46.     As direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

47.     Because the discriminatory treatment of Plaintiff by Defendants was willful or in reckless disregard of Plaintiff's civil rights Plaintiffs are entitled to punitive damages.

**WHEREFORE**, Plaintiff prays for judgment in her favor and against that of Defendant and an award of damages in excess or $35,000 exclusive of interests and costs and other damages as listed:

   a)     The entry of declaratory judgment finding that the acts complained of herein are unlawful and violate Title VII of the Civil Rights Act of 1964 as amended.

   b)     The entry of a permanent injunction prohibiting Defendant from retaliating against employees on the basis of race and/or color.

   c)     The immediate assignment of Plaintiffs to such position as she would now be occupying but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

  d) The award of compensation of Plaintiffs for all earnings and other benefits including retirement benefits which Plaintiff would have received but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

  e) The award of any pre-judgment interest on any back pay.

  f) The award of compensatory damages.

  g) The award of punitive damages.

  h) The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

### COUNT TWO – RETALIATION UNDER TITLE VII

48. The prior paragraphs of this Complaint are incorporated herein by reference.

49. Plaintiff engaged in a protected activity of reporting and opposing racial/harassing discrimination.

50. Under Title VII at 42 U.S.C. §2000e-3, it is unlawful for an employer to retaliate against an employee who has opposed an unlawful employment practice or because the employee has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under that subchapter.

51. Defendant retaliated against Plaintiff because She exercised her right to equal treatment under the law by making internal complaints, recommending legal counsel and opposing disparate and discriminatory treatment.  Such retaliatory conduct is a violation of said anti retaliatory provisions of Title VII.

52. Said retaliation included affecting Plaintiff's ability to perform her assigned tasks by unwarranted harassment and racial discrimination and discharge.

53.	Plaintiff suffered intentional discrimination and retaliation because of her membership in a protected group.

54.	As direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

55.	Because the retaliatory treatment of Plaintiff by Defendant was willful or in reckless disregard of Plaintiff's civil rights the Plaintiff is entitled to punitive damages

**WHEREFORE**, Plaintiff prays for judgment in her favor and against that of Defendant and an award of damages in excess or $35,000 exclusive of interests and costs and other damages as listed:

   a)	The entry of declaratory judgment finding that the acts complained of herein are unlawful and violate Title VII of the Civil Rights Act of 1964 as amended.

   b)	The entry of a permanent injunction prohibiting Defendant from retaliating against employees on the basis of race.

   c)	The immediate assignment of Plaintiff to such position as she would now be occupying but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

   d)	The award of compensation of Plaintiff for all earnings and other benefits including retirement benefits which Plaintiff would have received but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

   e)	The award of any pre-judgment interest on any back pay.

   f)	The award of compensatory damages.

   g)	The award of punitive damages.

      h)      The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

### COUNT THREE – DISCRIMINATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 AND ALL AMENDMENTS ("ADEA")

56.     All preceding paragraphs are whereby incorporated herein as if set forth at length.

57.     Plaintiff is a member of a protected class under the ADEA.

58.     Plaintiff was born on July 5, 1955 and is 64 years of age at the time of suffering an adverse employment action.

59.     Plaintiff was discriminated against because she were an "older" employee who had seniority and should have had higher wages.

60.     Plaintiff was discriminated against by Defendant by terminating their employment because of her age.

61.     Defendant filled all positions that Plaintiff was denied and/or terminated from with less qualified, less experienced and younger employees.

62.     Because the discriminatory treatment of Plaintiff by Defendant was willful or in reckless disregard of Plaintiff's civil rights Plaintiffs are entitled to punitive damages.

**WHEREFORE**, Plaintiff prays for judgment in their favor and against that of Defendant and an award of damages in excess or $35,000 exclusive of interests and costs and other damages as listed:

      a)      The entry of declaratory judgment finding that the acts complained of herein are unlawful discriminatory practices under ADEA.

      b)      The entry of a permanent injunction prohibiting Defendant from retaliating against employees on the basis of age.

c) The immediate assignment of Plaintiff to such position as they would now be occupying but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

d) The award of compensation of Plaintiffs for all earnings and other benefits including retirement benefits which Plaintiffs would have received but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

e) The award of any pre-judgment interest on any back pay.

f) The award of compensatory damages.

g) The award of punitive damages.

h) The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

## COUNT FOUR – DISCRIMINATION UNDER PHRA

63. The prior paragraphs of this Complaint are incorporated herein by reference.

64. At all times material to this complaint, Plaintiff was an "employee" of Defendant as that term is defined in the Pennsylvania Human Relations Act ("PHRA") 43 P.S. §954.

65. At all time material to this complaint Defendant was an "employer" of Plaintiff as that term is defined in the PHRA 43 P.S. §954.

66. The acts of Defendant constitute "unlawful discriminatory practices" under 43 P.S. §955 against Plaintiff because of her race, color and/or age

67. As direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

**WHEREFORE**, Plaintiff requests the following:

a. The entry of a declaratory judgment finding that the acts complained of herein are unlawful and violate the PHRA as amended.

    b.    The entry of a permanent injunction enjoining defendants from engaging in each of the unlawful acts, practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law so that the Defendants no longer discriminate on the basis of race, national origin or color.

    c.    The award of compensation of Plaintiff for all earnings and other benefits including retirement benefits which Plaintiff would have received but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

    d.    The award of any pre-judgment interest on any back pay.

    e.    The award of compensatory damages.

    f.    The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

    g.    The award of such other relief as may be just and proper.

**<u>JURY TRIAL IS DEMANDED AS TO ALL COUNTS</u>**

Respectfully submitted,

**PRAETORIAN LAW GROUP, LLC**

    /s/ Peter T. Kobylinski
Peter T. Kobylinski, Esquire
PA ID No.:  309832
515 Court Place, Ste 4
Pittsburgh, PA 15219

Dated:  November 10, 2021    *Attorneys for Plaintiff*

## **VERIFICATION**

I, Janet Clark, hereby verify that I am the named Plaintiff in the foregoing action and that the facts set forth in my Complaint are true and correct to the best of my knowledge, information and belief, and further states that false statements herein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

07 / 29 / 2021
_____
Date

_____
Janet Clark

Doc ID: 15bebcb08185a2b4b07dbabda58236393d3aaf58

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:

    /s/ Peter T. Kobylinski
Peter T. Kobylinski, Esquire (PA ID # 309832)\

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing papers has been sent by electronic mail to the following:

Jessica G. Lucas, Esq.
Gordon Rees Scully Mansukhani, LLP
707 Grant Street, 38th Floor
Pittsburgh, Pa 15219

November 10, 2021                                                   /s/ Peter T. Kobylinski
                                                                            PETER T. KOBYLINSKI